# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DONNA F. FREDERICK, et al.,**

    **Plaintiffs,**

    v.                                                                                    Case No.  05-2085–JWL

**DAIMLERCHRYSLER**
**CORPORATION,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiffs Donna F. Frederick, James M. Kendall, John J. Jackson, Steven Busby, Phillip A. Haight, Mike Stos, and Pam Stos filed this putative class action lawsuit in the District Court of Johnson County, Kansas, against defendant DaimlerChrysler Corporation alleging that model years 1999 through 2004 Jeep Grand Cherokee vehicles that they purchased and/or leased have or had defective front brake assemblies.  Plaintiffs claim that defendant violated the Kansas Consumer Protection Act, K.S.A. §§ 50-623 *et seq.*, by committing deceptive acts and unconscionable practices and that defendant breached the implied warranty of merchantability set forth in K.S.A. § 84-2-314.  Defendant filed a notice of removal based on this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  This matter is presently before the court on plaintiffs' motion to remand.  For the reasons set forth below, plaintiffs' motion is granted, including plaintiffs' request for attorneys' fees.

## REMOVAL JURISDICTION

A party may remove a case to federal district court if the federal court could have exercised original jurisdiction over the case.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The court must remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction.  *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  "Federal removal jurisdiction is statutory in nature and is to be strictly construed."  *Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997).  The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction.  *Laughlin*, 50 F.3d at 873; *Basso*, 495 F.2d at 909.  Any doubts must be resolved in favor of remand.  *Archuleta*, 131 F.3d at 1359; *Laughlin*, 50 F.3d at 873.

## DISCUSSION AND ANALYSIS

Defendant removed this case invoking the court's diversity jurisdiction.  Federal district courts have diversity jurisdiction where the parties are of diverse citizenship and the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In this case, the parties are undisputedly of diverse citizenship, but they dispute whether the $75,000 amount-in-controversy requirement is met.  Plaintiffs contend that defendant is attempting to erroneously aggregate the plaintiffs' claims in order to satisfy the amount-in-controversy requirement.  In response,

defendant argues that the jurisdictional amount is satisfied based on a few different considerations. Defendant, however, failed to establish the propriety of this court's jurisdiction in the notice of removal itself, which is the document within which the defendant must satisfy its burden on this issue. The notice of removal relies on and references the amount-in-controversy allegations in plaintiffs' complaint, and plaintiffs' complaint suggests that the $75,000 number represents an aggregate amount claimed for all of the plaintiffs. It is well established that class plaintiffs' claims may not be aggregated to satisfy the jurisdictional amount and therefore the court will grant plaintiffs' motion to remand, including plaintiffs' request for attorneys' fees.

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. The court will therefore first look to the allegations in plaintiff's state court petition. Plaintiffs' amended petition prays for damages as follows:

> For compensatory damages in excess of $75,000 to include; [sic]
>     A.    Reimbursement for all costs incurred by plaintiff and the Class [for] servicing, repairing and replacing the defective brake assembly.
>     B.    Compensation for loss of time, loss of vehicle use, rental car expenses, inconvenience and consequential damages incurred by plaintiffs and the Class [for] having their Grand Cherokees serviced and repaired.
>     C.    Compensation for the remedial work necessary to permanently correct the defect.
>     D.    Pre and post judgment interest on all amounts awarded.

(Am. Pet., ¶ 4, at 14.) The amended petition also prays for attorneys' fees. (*Id.* ¶ 5.) Defendant relies heavily on the fact that this prayer seeks damages "in excess of $75,000." But the prayer seeks reimbursement for costs incurred "by plaintiff and the Class" for

servicing, repairing and replacing the defective brake assembly and for other damages incurred "by plaintiffs and the Class" for having their vehicles serviced and repaired. Thus, the $75,000 number is clearly an aggregate amount for all of the plaintiffs' claims rather than the claims of any one individual plaintiff. It is well settled that the claims of the class members generally may not be aggregated to satisfy the amount-in-controversy requirement. *Zahn v. International Paper Co.*, 414 U.S. 291, 294-95 (1973); *Leonhardt v. Western Sugar Co.*, 160 F.3d 631, 637-38 (10th Cir. 1998) (each plaintiff in class action diversity action must meet jurisdictional amount in controversy; aggregation allowed only if plaintiffs unite to enforce a single title or right in which they have a common and undivided interest). Therefore, plaintiffs' prayer for damages in the aggregate is insufficient to satisfy the amount in controversy requirement.

Even if the court were to give defendant the greatest degree of latitude possible and find that plaintiffs' $75,000 prayer for damages was ambiguous regarding whether it represents an aggregate or per-plaintiff amount, the court would nonetheless still find that plaintiff's petition fails to establish that the amount in controversy requirement is satisfied in this case. When a plaintiff files suit in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). This same presumption, however, does not apply when the case has been removed to federal court because under those circumstances the plaintiff chose to file the case in state court rather than in federal court. *Id*. When the plaintiff files suit in state court there "is a strong presumption that the plaintiff has not claimed a large amount in order to confer

4

jurisdiction on a federal court." *Id.* (internal quotation omitted). Therefore, in this case there is a strong presumption that plaintiffs did not claim an amount in their state court petition that would be sufficient to satisfy the jurisdictional amount for federal court. Accordingly, the court would resolve any arguable ambiguity against finding that plaintiffs alleged the requisite per-plaintiff (rather than aggregate) amount.

Because the complaint is not dispositive in favor of removal, then, defendant bears the burden of demonstrating in the notice of removal itself that the amount in controversy requirement has been met. *Id.* at 1290; *Laughlin*, 50 F.3d at 873. The defendant must make this showing by at least a preponderance of the evidence. *Martin*, 251 F.3d at 1290. The sole amount-in-controversy allegation in defendant's notice of removal is the following brief summary of plaintiffs' claim:

> In their Prayer for Relief, Plaintiffs explicitly request compensatory damages *in excess* of $75,000. *Id.* at Prayer for Relief, ¶ 4. In addition to compensatory damages, Plaintiffs also seek attorneys' fees under the Kansas Consumer Protection Act. *Id.* at Prayer for Relief, ¶ 5. Thus, the "amount in controversy" requirement of 28 U.S.C. § 1332 is satisfied by Plaintiffs' request for an award of compensatory damages, plus attorneys' fees.

Notice of Removal (doc. 1), ¶ 17, at 4 (emphasis in original). Defendant's notice of removal, then, does nothing more than rely on plaintiffs' prayer for damages and, as explained previously, that prayer for damages, when read in its entirety, indicates that plaintiffs' $75,000 damage claim is an aggregate amount, not a per-plaintiff amount. As such, defendant has failed to meet its burden of proving by a preponderance of the evidence in the notice of removal itself that plaintiffs' claims meet the jurisdictional amount.

In response to plaintiffs' motion to remand, defendant raises a variety of arguments concerning the economics of this case. Defendant argues, for example, that the replacement and/or repair costs for each vehicle could be in the tens of thousands of dollars plus plaintiffs are seeking attorneys' fees as part of their damages claim which would aggregate to an amount in excess of $75,000, and that plaintiffs are seeking an injunctive form of relief by requesting that defendant permanently correct the defect and the cost of complying with that demand would easily exceed the jurisdictional minimum. As stated previously, however, it is well established in the Tenth Circuit that defendants must meet their burden of proof on this matter in the notice of removal itself, not in subsequent briefing. Thus, their belated arguments are irrelevant to the court's resolution of this issue.

Defendant also urges the court to stay its ruling on this matter pending resolution of the Supreme Court's decision on the writ of certiorari granted in *Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003), *cert. granted in part* 125 S. Ct. 317 (2004). In *Allapattah*, the Eleventh Circuit held that the district court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 "over the claims of class members who do not meet the minimum amount in controversy as long as the district court has original jurisdiction over the claims of at least one of the class representatives." *Id.* at 1256. The Supreme Court granted a writ of certiorari only with respect to the issue of whether the court can exercise supplemental jurisdiction over the absent class members when the court has diversity jurisdiction over the individual claims of named plaintiffs. *See* 125 S. Ct. 317 (granting the writ only with respect to Question 1 presented in the petition, and Question 1 presented this

particular issue).  Here, defendant has failed its burden of establishing that the jurisdictional amount is met with respect to any one of the named plaintiffs.  Consequently, the court expects that the Supreme Court's decision in *Allapattah* likely will not be of much guidance in resolving the facts of this case.  Thus, the court declines to stay its ruling on this matter.

Lastly, plaintiffs request an award of attorneys' fees incurred as a result of removal. *See* 28 U.S.C. § 1447(c) ("An order remanding may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  In deciding whether to award costs, "the key factor is the propriety of defendant's removal." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997).  The court need not find that the defendant removed the state court action in bad faith; the court may deny attorneys' fees if it finds that the defendant possessed "objectively reasonable grounds to believe removal was proper." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1145 (10th Cir. 2004).  The court has wide discretion in this matter. *Id.*

An attorneys' fee award is warranted in this case because the court does not believe that defendant possessed objectively reasonable grounds to believe that removal was proper. Although plaintiffs' amended petition sought damages "in excess of $75,000," the prayer for damages in its entirety reveals that this is an aggregate amount and it is settled in the Tenth Circuit that such an aggregate amount cannot satisfy the amount-in-controversy requirement. It is also settled in the Tenth Circuit that the anticipated aggregate amount of plaintiffs' attorneys' fees in this case cannot push them beyond the jurisdictional threshold. *See Martin*, 251 F.3d at 1293 (holding potential attorneys' fees requested on behalf of the class may not

be aggregated and attributed entirely to the named plaintiffs in assessing whether they meet the amount-in-controversy requirement). Perhaps most significantly, it is well settled that because plaintiffs' amended petition was not dispositive regarding the amount in controversy defendant had the burden of establishing by a preponderance of the evidence in the notice of removal itself that the amount in controversy requirement is met. Defendant did not even attempt to do this until subsequent briefing, which was too late.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion to remand (Doc. 6) is granted in full. This case is remanded to the District Court of Johnson County, Kansas. The clerk shall mail a certified copy of this order of remand to the clerk of the state court.

**IT IS FURTHER ORDERED** that no later than **May 27, 2005,** plaintiffs shall submit an accounting of reasonable attorneys' fees and costs associated with obtaining this remand order. If defendant wishes to contest the amount claimed by plaintiffs, it shall file a response brief no later than **June 3, 2005**, and plaintiffs may file a reply brief no later than **June 10, 2005**. The court will then enter an order regarding payment of reasonable expenses and costs.

**IT IS SO ORDERED** this 12th day of May, 2005.

                                    <u>s/ John W. Lungstrum</u>
                                    John W. Lungstrum
                                    United States District Judge