# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DONNA F. FREDERICK, et al.,**

        **Plaintiffs,**

        **v.**                                  **Case No.  05-2085–JWL**

**DAIMLERCHRYSLER**
**CORPORATION,**

        **Defendant.**

_____

## MEMORANDUM AND ORDER

This court previously granted plaintiffs' motion to remand this putative class action lawsuit to the District Court of Johnson County, Kansas.  In doing so, the court awarded plaintiffs their expenses, including attorneys' fees, incurred as a result of the removal and directed plaintiffs to submit an accounting of reasonable attorneys' fees and costs associated with obtaining the remand order.  *See generally Frederick v. DaimlerChrysler Corp.*, No. 05-2085, 2005 WL 1319135, at *1-*4 (D. Kan. May 12, 2005).  Plaintiffs subsequently filed that accounting (doc. 18) and this matter is currently before the court on defendant's opposition (doc. 19) and plaintiffs' reply (doc. 20) thereto.  For the reasons explained below, the court finds that $4,042.50 is a reasonable award of attorneys' fees and costs incurred as a result of the removal.

As set forth in 28 U.S.C. § 1447(c), "remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

When awarding fees, the court must conduct an independent inquiry into the reasonableness of the attorneys' fees requested. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1134 (10th Cir. 2001).

In this case, plaintiff seeks a total of $4,689.57 in expenses. This total sum reflects 21.6 hours at an average hourly rate of $215 per hour ($205 per hour for attorneys James Crabtree and Patrick A. Hamilton and $275 per hour for attorney Michael Hodges), plus $44.57 in postage and scanning charges. The court finds that, as a whole, the total fees and expenses are not unreasonable. *See, e.g.*, *CST Indus. v. Randall*, No. 04-2334, 2004 WL 2616322, at *1 (D. Kan. Nov. 17, 2004) (awarding $5,527.50 in attorneys' fees). The court, then, will address defendant's more specific arguments.

Defendant argues that 13.8 hours incurred in researching and drafting remand papers was unreasonable because the motion itself was only 9 pages long and the reply brief was only 3 pages, and these documents are nearly identical to the remand documents filed in a similar case styled *Jodts v. DaimlerChrysler Corp.*, Case No. 05-0202-CV-W-ODS in the United States District Court for the Western District of Missouri. The court has evaluated the content of the two sets of papers and finds that the only material distinctions between them are that the papers filed in the *Jodts* case cited Eighth Circuit law whereas the papers filed in this case cited Tenth Circuit law and locality considerations resulted in differences between a few phrases and statutory citations. Thus, plaintiff undoubtedly was able to recognize some economies of scale in drafting the two sets of papers. Nonetheless, the 13.8 hours includes the following: 5.5 hours by Mr. Hamilton to research and write the motion to remand, 0.7

2

hours each by Mr. Crabtree and Mr. Hodges to review the draft of the motion to remand, an additional 4.6 hours by Mr. Hamilton to finalize and file the motion to remand, and 2.3 hours by Mr. Hamilton to prepare and file plaintiffs' reply. The court finds that this breakdown does not present an unreasonable number of hours for researching and drafting the remand papers, even with similar papers being filed in the Western District of Missouri. There are significant differences between the law in the Tenth and Eighth Circuits pertaining to the legal standards that apply to a motion to remand, and therefore the time that plaintiffs devoted to the two sets of briefs does not appear to have been wasteful at all.

Defendant also argues that duplicative billing entries for the three attorneys are unnecessary. As a threshold matter, the court does not believe that this is categorically problematic, but rather the reasonableness of those charges depends upon the nature of the billing entry. Plaintiffs have three attorneys of record and they understandably must coordinate their efforts to prosecute this case. Notably, defendants have even more attorneys than plaintiff (four) and the court suspects that those attorneys likewise each devote time to reviewing the pleadings that are filed in this case. Indeed, it is interesting (perhaps telling) to note that defendants did not submit evidence suggesting that the defense team is more frugal in their billing practices than plaintiffs' counsel in this respect. Nonetheless, the court will endeavor to evaluate each of the duplicative billing entries.

Mr. Crabtree and Mr. Hodges devoted 0.5 hours each to reviewing defendant's notice of removal and related papers. A notice of removal is a significant event in the life of a state-court consumer class action lawsuit and the court cannot find that plaintiffs' counsel acted

3

unreasonably by allowing two of the three attorneys on the case to spend one-half hour each reviewing these documents.  Next, all three attorneys devoted 0.3 hours each that same day to conferencing regarding the notice of removal, which, again, is not at all unreasonable given the need to agree on a strategy to address the defendant's removal of the case to federal court.  On March 18, 2005, all three attorneys devoted 0.1 hours each to reviewing the court's order staying plaintiffs' response time to defendants' motion to dismiss pending the court's ruling on plaintiffs' motion to remand.  Given the fact that all three are attorneys of record and therefore have an obligation to keep abreast of the happenings in this case, a minimal entry of 0.1 hours each is not at all unreasonable in this respect.  The court does note, however, that there is an identical 0.1-hour billing entry for Mr. Hodges on March 22, 2005, and the court will disallow this 0.1 hour as unreasonable.  Also on March 22, 2005, all three attorneys devoted 0.2 hours each to reviewing defense counsel's motions for admission pro hac vice for defendant's three attorneys from St. Louis.  Again, because all three attorneys have an obligation to keep abreast of the happenings in this case combined with the fact that the defendant filed three such motions, all of which were necessitated by defendant's choice to remove this case to federal court, a relatively minimal 0.2 hours each is not unreasonable.  On March 24, 2005, all three attorneys devoted 0.1 hours each to reviewing the defendant's notice of filing of state court records and proceedings.  Like the March 18 billing entries, a minimal entry of 0.1 hours each to reviewing this pleading is not unreasonable.  On March 29, 2005, all three attorneys devoted 0.7 hours each to reviewing defendant's memorandum in opposition to plaintiff's motion to remand.  This memorandum was only a total of twelve pages long, it did

4

not contain any attachments, and it did not present particularly novel or complex legal issues. Approximately 15-20 minutes should have been sufficient for each of the attorneys to review this document, and therefore the court reduces each of these 0.7-hour entries to 0.3-hour entries. On April 15, 2005, all three attorneys devoted 0.1 hours each to reviewing defendant's notice of supplemental citation to plaintiffs' motion to remand. As with the 0.1-hour billing entries on March 18 and March 24, these minimal entries of 0.1 hours each to reviewing this pleading are not unreasonable. On May 13, 2005, all three attorneys devoted 0.3 hours each to reviewing the court's order granting plaintiffs' motion to remand. This order was similar in length and content to defendant's memorandum in opposition to plaintiff's motion to remand, and therefore the court finds that 0.3 hours each was not unreasonable. The court wishes to acknowledge that it understands defendant's concerns regarding arguable duplicity, but in this case the duplicative billing entries largely (with the exception of the 0.7-hour entries) did not involve large blocks of time; rather, they involved minimal amounts of time that each of plaintiffs' three attorneys devoted to keep abreast of the filings in this case relating to defendant's improvident removal.

Defendant argues that 1.3 hours to prepare the itemization and affidavit for the court's award of fees is excessive because this is a purported class action, plaintiffs will undoubtedly be asking for an award of fees at the end of litigation, and therefore plaintiffs should have prepared an itemization of their fees regardless of the remand proceedings; and, aside from the itemization, the only document prepared with respect to fees is the one-sentence document

that plaintiff filed which is entitled "Plaintiff's Accounting of Attorneys' Fees and Costs." The court agrees that 1.3 hours to prepare this one-sentence document and an itemization of fees that should have been easily generated by computer by plaintiffs' counsel's staff is too much. The court finds that 0.5 hours for this pleading is reasonable.

Defendant also argues that plaintiff has failed its burden of proving that plaintiff's counsel's hourly rates are reasonable. The court disagrees. A reasonable hourly rate comports with rates prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation. *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). The court may rely on its own knowledge of prevailing market rates as well as other indicia of a reasonable market rate. *Id.* The court routinely addresses attorneys' fee award issues and is familiar with prevailing rates in this legal community. Additionally, plaintiffs have submitted additional information in response to defendant's opposition memorandum. The court finds that the $205 hourly rate for Mr. Hamilton and Mr. Crabtree is reasonable given their credentials and their years of legal experience. Mr. Hamilton graduated from law school in 1992. He did well in law school and began his legal career with a respected law firm in this community. He has been in private practice for thirteen years and has published numerous articles. Mr. Crabtree has been practicing law for twelve years, he actively practices law in this court, and he has experience handling cases of similar magnitude to this consumer class action. *See, e.g.*, *Geer v. Cox*, Case No. 01-2583 (D. Kan.). The court likewise finds that the $275 hourly rate for Mr.

Hodges is reasonable. He has practiced law for twenty-eight years, has tried more than one hundred jury trials, and he also actively practices law in this court.

Lastly, defendant argues that $33.15 for scanning 22 pages from the *Lubitz* case is unreasonable because the document was also used in *Jodts*, plaintiff could have had the court reporter provide the scanned transcript on a disc, and plaintiff has not provided back-up billing to verify the charge. Plaintiffs were required by this court's rules and procedures regarding electronic case filing to have these pages scanned into .pdf format before filing them with the court. The court estimates that having such a document scanned would likely cost $10-$20, plus counsel would incur costs getting the document to and from the scanning service. Thus, $33.15 to have the document scanned is not unreasonable. This same document was, however, also attached to plaintiff's brief in *Jodts* and therefore the court will reduce this charge by one-half to $16.58. The court does wish to acknowledge that it recognizes the possibility that a court reporter might have been able to provide the scanned transcription on a disk, but defendant has offered no evidence regarding the cost of such service via a court reporter to persuade the court that the charge is unreasonable.

In sum, then, the court finds that plaintiffs' accounting of fees is reasonable in all respects except the following:

1.) Mr. Hodges' March 22, 2005, entry for 0.1 hours is disallowed entirely, resulting in a decrease of $27.50;

2.) all three attorneys' March 29, 2005, entries are reduced from 0.7 hours to 0.3 hours, resulting in a decrease of $439;

3.)    Mr. Hamilton's May 16, 2005, entry is reduced from 1.3 hours to 0.5 hours, resulting in a decrease of $164; and

4.)    the charge for scanning is reduced to $16.58, resulting in a decrease of $16.57. Given a total decrease of $647.07 from the original total amount of $4,689.57, then, the court finds that a reasonable amount is $4,042.50.


**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' are awarded $4,042.50 for their costs and expenses incurred as a result of the removal.   The clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED** this 28th day of June, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8